BAYLOR v. SCOTTISH-AMERICAN MORTG. CO. et al.

(Circuit Court of Appeals, Fifth Circuit. February 25, 1895.)

No. 344.

1. DEEDS—RECORD AS NOTICE—WHAT ENTITLED TO REGISTRATION.

A headright certificate for Texas lands was invalidly located in Nueces county, but was afterwards floated to a league of land in Taylor and Runnels counties. The owner of the certificate having died, one of his heirs made a conveyance describing the land in Nueces county, without referring to the certificate under which it was located. This deed having been filed in the general land office of the state, a certified copy thereof was obtained, to which was added a certificate of the commissioner of the land office showing that the land was located under the certificate above mentioned. This copy and certificate were then registered in Taylor and Runnels counties. *Held*, that under the Texas statute (Rev. St. art. 2253) there was no authority for recording such certificate, and hence that the record thereof did not operate as constructive notice that the deed in fact covered the lands upon which the final location of the certificate was made.

2. SAME—INNOCENT PURCHASERS—QUITCLAIM DEEDS.

A deed of Texas lands recited that the grantor had "granted, bargained, sold, and quitclaimed, and by these presents do sell, quitclaim, and transfer, and deliver, * * * all my right, title, and interest, * * * to hold, all and singular, said above-described land, together with, all and singular, the rights and appurtenances thereto or in any wise belonging, unto * * * his heirs and assigns, forever." *Held*, that this deed was not a quitclaim, but a conveyance of the land, and was sufficient to protect an innocent purchaser for value. Garrett v. Christopher, 12 S. W. 67, 74 Tex. 453, followed.

Appeal from the Circuit Court of the United States for the Northern District of Texas.

This was a bill by W. C. Baylor against the Scottish-American Mortgage Company, James B. Simpson, C. H. Huffman, William Brewer, and J. E. Elgin, to remove a cloud from the title of certain lands. The circuit court rendered a decree for complainant in respect to one-half the land, and for the defendants in respect to the other half. Complainant appealed.

The land in question, known as the "George W. Wheelock League," lies in Taylor and Runnels counties, state of Texas, and was located by virtue of floated certificate No. 55. The certificate was originally located upon certain land in Nueces county, but this location was shown by the evidence to be void, by reason of being in conflict with an older grant, and the certificate was therefore floated to the land described in the complaint, and located thereon by a subsequent survey and patent to the heirs of George W. Wheelock. The property having been community estate of Wheelock and wife, one-half became vested at his death in his widow, afterwards Mrs. Ann Walling, and the other half in his grandson and only heir, George W. Barton. Complainant claimed through mesne conveyances, under deeds from these two parties; the first deed being from Ann Walling to William E. Rogers, and the second from George W. Barton to T. D. Collins. Both of these deeds described the land in Nueces county, and the Walling deed stated that it was located by virtue of headright certificate No. 55, belonging to George W. Wheelock, but the Barton deed omitted any such state-

ment. These two deeds were filed in the land office at Austin, and became records of that office, but copies thereof, certified by the commissioner of the land office, were recorded in Taylor and Runnels counties. After the above deeds were so recorded, and after the patent had issued granting the land in Taylor and Runnels counties to the heirs of George W. Wheelock, Mrs. Ann Walling and George W. Barton executed two other deeds, each purporting to convey one-half these lands to one J. P. Greenwade. The defendants derive their title through the said Greenwade, claiming to be bona fide purchasers without notice of complainant's superior title. Although the deed from George W. Barton to T. D. Collins, of the land in Nueces county, failed to state that the land described was located under the Wheelock certificate, the certified copy of the deed, which was recorded in Taylor and Runnels counties, had attached to it the following certificate from the acting commissioner of the general land office of Texas:

I, L. E. E. Kellner, chf. clk. and act. comr. of gnl. land office for the state of Texas, hereby certify that the foregoing is a true and correct copy of the original transfer on file in this office, and that it forms a link in the chain of title to one-half interest in a league of land, being part of headright certificate No. 55, issued to E. L. R. Wheelock, admr. on the estate of George W. Wheelock, dece'd, by the board of land commissioners of Robertson county, on the first day of July, 1839, for one league of land; and I further certify that this copy is delivered to the interested party under Act 2d June, 1873, and is to have the same force and effect of the original. In testimony whereof I have hereunto set my hand, and caused to be affixed the official seal of this office, this ninth day of August, 1873.

[Seal.]　　　　　　　　　　　　　　　　　　　　L. E. E. Kellner,
　　　　　　　　　　　　　　　　　　　　　　Chf. Clk. and Act. Com'r.

In the defendant's chain of title was the following deed from J. P. Greenwade to George W. Barton:

The State of Texas, County of Bosque.

Know all men by these presents, that I, J. Peter Greenwade, of said county and state, for and in consideration of the sum of two hundred and fifty dollars to me in hand paid by Geo. W. Barton, of said county and state, the receipt of which is hereby fully acknowledged, have granted, bargained, sold, and quitclaimed, and by these presents do sell, quitclaim, and transfer, and deliver, to said Geo. W. Barton, all my right, title, and interest in and to the Geo. W. Wheelock league survey of land, located in Taylor Co., Texas, which was patented to the heirs of said Geo. W. Wheelock on July 28th, 1874, by Pat. No. 286, vol. 20, and abs. No. 423, to have and to hold, all and singular, said above-described tract of land, together with, all and singular, the rights and appurtenances thereto or in any wise belonging, unto the said Geo. W. Barton, his heirs and assigns, forever. Witness my hand this 15th day of Sept., 1884.

　　　　　　　　　　　　　　　　　　　　　　　J. P. Greenwade.

The following opinion was filed in the court below by Rector, District Judge:

In this case complainant shows a clear title to the Geo. W. Wheelock league of land, in Taylor and Runnels county, Texas. The only questions are: (1) Did the Scottish-American Mortgage Company have constructive notice of complainant's title at the time it (said company) loaned the money on said land? and (2) was the deed from J. P. Greenwade to Geo. W. Barton, dated September 15, 1884, a quitclaim deed, or a conveyance of the land such as would protect a bona fide innocent purchaser?

As to the first question, it is admitted by defendants that they did have constructive notice that the deed from Mrs. Ann Walling to W. E. Rogers

conveyed one-half of the Geo. W. Wheelock league certificate, and to such half they abandon all claim. They, however, deny that they were affected with constructive notice of the deed from George W. Barton to J. D. Collins, first filed in the land office at Austin, and a certified copy thereof from the land office recorded in Taylor county, where said certificate was finally located and patented. I am of the opinion that article 2253, Rev. St. Tex., did not authorize the recording of the certificate of the commissioner of the land office, which is relied on in this case to give notice to subsequent purchasers that the conveyance from Barton to Collins really included one-half of certificate No. 55, by virtue of which the land in controversy was located in Taylor and Runnels counties.

The second question turns on whether the deed from J. P. Greenwade to George W. Barton, dated the 15th of September, 1884, is a quitclaim deed, or a conveyance of the land. Following the case of Garrett v. Christopher, 74 Tex. 453, 12 S. W. 67, we hold that said deed was not a quitclaim, but a conveyance of the land, and that it protected the defendants, as innocent purchasers for value. We find for complainant one-half the land, and that he recover all costs of defendants, and that defendants recover the other half of the land.

Eugene Williams, for appellant.

A. T. Watts, for appellees.

Before PARDEE and McCORMICK, Circuit Judges, and TOULMIN, District Judge.

PER CURIAM. The record showing no reversible error, the decree appealed from is affirmed.

---

LAREDO IMP. CO. et al. v. STEVENSON.

(Circuit Court of Appeals, Eighth Circuit. March 4, 1895.)

No. 492.

1. CORPORATIONS—POWER TO INCREASE STOCK—TEXAS STATUTE.

A statute of Texas, passed in 1871, provided that any corporation might increase its capital stock, to any amount not exceeding double the amount of its authorized capital, by a vote of the stockholders. In 1874 amendments were incorporated with the act providing that any private corporation might amend or change its charter by filing such amendments or changes, authenticated as an original charter, and also providing that no amendments or changes violative of the constitution or laws of the state, or of any of the provisions of the act, should be of any force or effect. *Held*, following the decision of the supreme court of Texas (Kampmann v. Tarver, 29 S. W. 768), that the limitation upon the power of corporations to increase their stock, imposed by the original act, was not removed by the amendments, and that corporations formed under the amended act have no power, by changing their articles of incorporation, to increase their capital beyond double its original amount.

2. SAME—ESTOPPEL.

Where a corporation is absolutely without power to issue stock, or to increase its stock above a certain limit, no act or consent of a stockholder who receives stock issued without authority can estop him to deny its validity, or his liability to pay for it.

3. SAME—DECREE UPON SERVICE OUTSIDE JURISDICTION.

A Texas corporation increased its stock beyond the limit permitted by law. A receiver of the corporation was appointed, and an order was served, outside the state, on a subscriber to the stock, to show cause why the receiver should not be directed to sue for unpaid subscriptions. A decree was entered directing such suits to be brought, but containing a